UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DON R. TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:09CV92 LMB |
| | ) |
| SIKESTON POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 534189), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $6.18. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $30.92, and an average monthly balance of $5.10. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.18, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Named as defendants are: Sikeston Police Department; Chris Rataj (police officer); Donner James (police officer); Drew Juden (Chief of Police); Scott County Prosecutor's Office; Andrew Lawson (assistant prosecutor); Amanda Ocsch (assistant prosecutor); and Paul Boyd (former prosecutor).

Plaintiff's allegations are mostly conclusory and such conclusory allegations need not be set forth here or given an assumption of truth. Iqbal, 129 S. Ct. at 1950-51. Nonetheless, the Court will summarize plaintiff's allegations as follows.

Plaintiff alleges that on October 12, 2007 he was falsely arrested by the "Sikeston Police Department," without a warrant or probable cause.[1] Plaintiff claims, in a conclusory fashion, that defendant Rataj conducted an unlawful search of his residence, and that even though nothing illegal was found, he was unlawfully restrained and imprisoned at the Sikeston County Jail. Plaintiff claims that defendant Rataj then constructed a false affidavit, accusing plaintiff of drug trafficking and distribution. He asserts, also in a conclusory and generalized fashion, that based on defendant Rataj's

---

[1] A review of Missouri Case Net shows that plaintiff was charged with the distribution and/or manufacture, or attempt to distribute and manufacture, a controlled substance. See State v. Turner, No. 07SO-CR01695-02. Plaintiff pled guilty on November 21, 2008 and was sentenced to nine (9) years in the Missouri Department of Corrections.

false affidavit, the Scott County Prosecutor's Office initiated a malicious prosecution against defendant, charging him with possession and distribution of narcotics (cocaine). Plaintiff, does not however, identify whether the members of the prosecutor's office knew that defendant Rataj's affidavit was purportedly false. Rather, his allegations of misconduct with regard to the prosecutor's office are stated on "information and belief."

Plaintiff additionally alleges that after he was arrested, he was placed into a cold and stinky holding cell where the toilet did not flush and the floors and walls were stained.

Plaintiff claims generally that in light of the alleged unlawful behavior by defendants Rataj, defendants Juden and James must have failed to properly train and supervise defendant Rataj with regard to arrest procedures, searches and the use of warrants.

Plaintiff seeks compensatory damages in the sum of two million dollars, and he seeks punitive damages in the sum of six million dollars.

**Discussion**

Plaintiff's claims for false imprisonment, false arrest and malicious prosecution fail to state a claim for relief. A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued

imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). If plaintiff was granted relief on his false imprisonment, false arrest and/or malicious prosecution claims, the validity of his conviction would necessarily be called into question. Accordingly, these claims are Heck barred.

Regardless, plaintiff's general and conclusory allegations fail to state a claim against defendants the Scott County Prosecutor's Office, Lawson, Ocsch, and/or Boyd for malicious prosecution. Plaintiff has not alleged any facts supporting his assertions that he was maliciously prosecuted and where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

Similarly, plaintiff's claims against Sikeston Police Department are legally frivolous because the police department is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004).

And plaintiff's allegations against an unnamed person regarding the conditions of his confinement fail for two reasons: plaintiff has not alleged a person responsible for relegating him to the purportedly unlawful conditions and plaintiff has not alleged that the purported deprivations denied him the minimal civilized measure of life's necessities and that defendants were deliberately indifferent to excessive risk to his health or safety. See, e.g., Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); see also, Hudson v. McMillian, 112 S.Ct. 995, 999-1000 (1992)(to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"); Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991); Seltzer-Bey v. Delo, 66 F.3d 961, 963-64 (8th Cir. 1995)(for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety).

Lastly, plaintiff's generalized and conclusory allegations regarding defendant Juden and James' alleged failure to properly train defendant Rataj in the whys and

wherefores of searches and seizures fail to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1950-51.

In light of the aforementioned, the Court will dismiss all claims against defendants Sikeston Police Department, James, Juden, Scott County Prosecutor's Office, Lawson, Ocsch, and Boyd because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both. However, the Court will allow the case to go forward against defendant Rataj on the claim that defendant conducted an illegal search of plaintiff's residence.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $6.18 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Rataj.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Rataj shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Sikeston Police Department, James, Juden, Scott County Prosecutor's Office, Lawson, Ocsch, and Boyd because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of August, 2009.

_/s/ Rodney W. Sippel_
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE